UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
**09-10152-NMG**

UNITED STATES OF AMERICA

v.

**DAVID PLACE**

**ORDER ON MOTION TO COMPEL
ORDER EXCLUDING TIME AND
<u>FINAL STATUS REPORT</u>**

**May 11, 2010**

SOROKIN, M.J.

The Defendant has moved to compel certain discovery. Insofar as he seeks an unredacted copy of a report, the motion is moot as the government produced the discovery sought. He also requests "advance identification and disclosure of any co-conspirator hearsay the government anticipates introducing against the defendant at trial in this case." This request is DENIED. Defendant has not advanced a basis under the applicable law warranting allowance of the request at this time; moreover, at this time, no trial dates has been set. Accordingly, the Motion to Compel (docket #31) is DENIED.

A Final Status Conference was held before this court pursuant to the provisions of Local Rule 116.5(A). Based on that conference, this court enters the following report and orders.

1. A trial maybe necessary as to defendant**.**

2.   The discovery to be provided before the Initial Pretrial Conference is complete and neither party anticipates providing additional discovery as a result of its future receipt of information, documents or reports of examinations or tests.

3.   Any motions to sever, dismiss or suppress are due on **June 11, 2010** with the government's opposition due on **June 25, 2010**.

4.   With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, consideration of alternatives concerning how best to proceed with this matter, and preparation of dispositive motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(7) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period **May 11, 2010** through **June 25, 2010** is EXCLUDED from the Speedy Trial Act.[1]

5.   The defendant <u>does not</u> intend to raise a defense of insanity or public authority.

6.   As of **June 25, 2010** no unexcluded time will have elapsed since the arraignment, thus seventy (70) days remain under the Speedy Trial Act before trial must commence.

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

7.  The estimated length of trial is **15** days.

The Clerk shall return this file to the District Judge assigned to this case for an Initial Pretrial Conference and a hearing on the anticipated dispositive motions on or after June 25, 2010.

    / s / Leo T. Sorokin
LEO T. SOROKIN
UNITED STATES MAGISTRATE JUDGE