United States District Court
District of Massachusetts

_____  )
                                 )
UNITED STATES OF AMERICA,         )
                                 )
            v.                    )
                                 )   Criminal No.
David L. Place,                   )   09-10152-NMG
                                 )
            Defendant.            )
_____  )

MEMORANDUM & ORDER

GORTON, J.

I.   Background

On August 18, 2010, the grand jury returned a Superseding Indictment adding two counts of smuggling (Counts 8 and 9) to the original Indictment, returned on May 13, 2009, for violations of the Lacey Act and Endangered Species Act.

On October 29, 2010, the defendant David L. Place ("Place") moved to dismiss Counts 8 and 9 as duplicitous.  The relevant portion of 18 U.S.C. § 545 "Smuggling goods into the United States" reads:

> Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces or attempts to smuggle or clandestinely introduce into the United States any merchandise which should have been invoiced, or make out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the

-1-

> transportation, concealment, or sale of such merchandise
> after importation, knowing the same to have been imported or
> brought into the United States contrary to law—

Counts 8 and 9 of the Indictment include the language of the second paragraph only.  However, at the pre-trial conference on October 22, 2010, the government stated: "we charged in the conjunctive so that we can prove in the disjunctive."  The defendant therefore believes that the government intends to prove a violation of either paragraph one or paragraph two, making each count duplicitous and thereby warranting dismissal.

On November 1, 2010, the government opposed the motion on the ground that Counts 8 and 9 are properly pled to allow the jury to consider alternative theories of defendant's liability and that even if the counts are duplicitous, dismissal is not the appropriate remedy.  Rather, the government contends the proper remedy would be for the Court either to give a unanimity instruction to the jury or to require the government to elect a theory of prosecution upon which to proceed to trial.

## II.  Legal Analysis

### A.  Legal Standard

"Duplicity is the joining in a single count of two or more distinct and separate offenses."  United States v. Verrecchia, 196 F.3d 294, 297 (1st Cir. 1999) (internal quotations and citation omitted).  The "primary vice of duplicity" is that a jury may find a defendant guilty on a count without having

reached a unanimous verdict on the commission of any particular offense.  United States v. Trainor, 477 F.3d 24, 32 n.16 (1st Cir. 2007) (citation omitted).

The rule about duplicity is a pleading rule, such that a violation "is not fatal to an indictment." United States v. Robinson, 651 F.2d 1188, 1194 (6th Cir. 1981).  Indeed, "dismissal of the indictment is not the proper remedy," id., and "the entire count should not be dismissed when a less drastic ruling will suffice." United States v. Goodman, 285 F.2d 378, 380 (5th Cir. 1960).  When presented with duplicitous counts, the Court may decide whether to give a unanimity instruction to the jury or to require the government to elect a theory of prosecution.  Robinson, 651 F.2d at 1194; see also Goodman, 285 F.2d at 380 (finding duplicity harmless if government is required to elect upon which charge it would proceed).

**B.  Application**

The first and second paragraphs of the smuggling statute, 18 U.S.C. § 545, constitute distinct and separate offenses.  See United States v. Lespier, 601 F.2d 22, 24 (1st Cir. 1979) (citing Babb v. United States, 218 F.2d 538, 540 (5th Cir. 1955)); United States v. Westover, 511 F.2d 1154, 1155 n.2 (9th Cir. 1975). Although the wording of Counts 8 and 9 tracks only the second paragraph of the statute, the government argued at the pre-trial conference that it was entitled to try to prove a violation of

either the first or second paragraphs.  It is not clear that the
government, in fact, intends to prove either paragraph one or two
and leave the question for the jury, as the proposed jury
instructions the government has submitted appear to address only
the second paragraph.

However, even if Counts 8 and 9 are duplicitous (and
assuming that they are), the proper remedy is not dismissal.
Rather, the Court should require the government to elect a theory
of prosecution upon which to proceed to trial.  See Robinson, 651
F.2d at 1194.  The government states that, if required by the
Court, it is ready to elect its theory of prosecution and proceed
to trial as scheduled.

Finally, the defendant argues that a duplicitous indictment
fails to give the defendant adequate notice of the nature of the
charges.  Given that the defendant has already received the
original and superseding Indictments, complete and extensive
discovery, the government's motions in limine, proposed jury
instructions, and witness and exhibit lists, that argument is
unavailing.  The information is more than adequate to allow the
defendant to prepare a defense and to protect against surprise at
trial.

**ORDER**

In accordance with the foregoing, defendant's Motion to Dismiss Counts 8 and 9 (Docket No. 90) is **DENIED.**  The Court finds that Counts 8 and 9 are duplicitous but that rather than dismissing those Counts, the proper remedy is to require the government to elect its theory of prosecution which it is hereby directed to do.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 5, 2010