```
                    United States District Court
                      District of Massachusetts
```

```
_____
                                )
UNITED STATES OF AMERICA,       )
                                )
         v.                     )
                                )   Criminal No.
David L. Place,                 )   09-10152-NMG
                                )
         Defendant.             )
_____ )
```

## MEMORANDUM & ORDER

GORTON, J.

### I. Background

On May 13, 2009, David L. Place ("Place") was indicted on five counts of violating the Lacey Act (a series of amendments to the Endangered Species Act), 16 U.S.C. §§ 3372(a)(1), 3373(d) and 18 U.S.C. § 2, and two counts of conspiracy, in violation of 18 U.S.C. § 371, for purchasing and selling sperm whale teeth (or attempting to do the same) when he knew or should have known that the teeth had been possessed, transported and sold in violation of federal laws and treaties. A Superseding Indictment was filed on August 18, 2010, adding Counts 8 and 9 for violations of 18 U.S.C. §§ 545 and 2 (smuggling). Before the Court are two motions in limine.

**II.  Analysis**

    **A.  Government's Motion in limine to admit evidence pursuant to Fed. R. Evid. 404(b) (Docket No. 61)**

The government anticipates that the defendant will argue at trial that he was unaware of the legal requirements for importing sperm whale teeth and thus did not willfully break the law, as the government is required to prove under Counts 1, 6, 8 and 9. Thus, the government moves to introduce numerous eBay and PayPal records, as well as emails, to show that the defendant used those services to buy and sell sperm whale teeth and knew that such conduct was in violation of the law.  The government argues that such evidence is admissible as res gestae and under Fed. R. Evid. 404(b), which permits evidence of "other crimes, wrongs, or acts" to prove the defendant's "intent," "knowledge," or "absence of mistake."

At the pre-trial conference on October 22, 2010, the Court denied the government's motion on the ground of res gestae but indicated it was inclined to allow it under Rule 404(b). The defendant was granted an extension of time to file an opposition on the latter ground only.

On October 28, 2010, the defendant opposed the motion, focusing primarily on grounds (other than Rule 404(b)) under which the proffered evidence would be inadmissible.  For example, defendant argues that: 1) eBay records are inadmissible under Fed. R. Evid. 702 (expert testimony) and 803(6) (business

record), 2) emails from someone who is not a co-conspirator are inadmissible hearsay and that Rule 404(b) "does not create an exception to the hearsay rule" and 3) the statements are offered to prove "propensity."  Notably, the defendant admits that such evidence would be admissible under Rule 404(b) if it were "particularly probative of Place's intent, knowledge, or absence of mistake or accident" but that the probative value is outweighed by its prejudicial impact.

First, the evidence here is admissible under Rule 404(b) to prove the defendant's intent, knowledge or absence of mistake. The defendant's knowledge of legal requirements for importing sperm whale teeth goes to the issue of intent (i.e. whether he knowingly violated the law, as the statute requires the government to prove).  See United States v. Zeuli, 725 F.2d 813, 816 (1st Cir. 1984).  Indeed, the defendant admits as much.

Second, defendant's other arguments are unavailing.  The government is not offering the statements here for the truth of the matter, so the defendant's hearsay arguments are inapposite. Evidence proffered under Rule 404(b) does not also need to meet a hearsay exception in order to be admissible for the purpose of proving the defendant's intent, knowledge or absence of mistake. The eBay records and emails from other people to the defendant are all admissible under Rule 404(b) for that limited purpose. The defendant's argument that the eBay records are inadmissible

as expert testimony is misplaced because the government has not offered them for that purpose.

Finally, under Fed. R. Evid. 403, the probative value of the subject evidence is not substantially outweighed by the danger of unfair prejudice.  The evidence goes to the defendant's intent, knowledge and absence of mistake and the Court does not foresee any serious risk of inflaming the jury to irrational behavior. See id. at 817.  Thus, the government's motion will be allowed on the ground of Rule 404(b), but, if requested, the Court will give a limiting instruction to the jury that such evidence is to be considered only for the purpose for which it is offered.

    **B.    Government's Motion in limine to limit cross-examination of Bonnie C. Yates (Docket No. 85)**

The government has also filed a motion in limine for an order precluding the defendant "from raising untested and confusing 'scientific evidence' during its cross-examination of Bonnie C. Yates."  The defendant apparently has informed the government of his intention to cross-examine Ms. Yates with "scientific evidence" that it is possible to determine the age of sperm whale teeth and thus establish that Ms. Yates could have, but did not, test the teeth.

The government contends that: 1) defense counsel refused to provide the source of the "scientific evidence" or any support that it has been peer-reviewed or supported by objective, verifiable studies, 2) defendant has failed to give notice of

intent to present expert testimony pursuant to Fed. R. Evid. 702, thereby foreclosing from the government its right to move for a Daubert hearing, 3) the purported "scientific evidence" directly contravenes the established scientific opinion on the topic, 4) relevant evidence may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of confusion and 5) the age of the teeth is irrelevant because in order to qualify for the ESA's "antique" exemption, the teeth must have been accompanied by valid, official certifications that they were more than 100 years old and valid, official CITES export and import permits but neither accompanied the teeth here.

The defendant has neither opposed the government's motion in limine nor proffered any evidence regarding his "scientific evidence" or its basis.  If, in fact, the defendant plans to offer such evidence at trial, he should have given notice and the Court should have held a Daubert hearing.

In any event, the proferred evidence is immaterial and its probative value is substantially outweighed by the danger of confusion of the issues or misleading the jury.  Whether the teeth could have been tested for age is irrelevant to the issue of whether, as required by law, the subject teeth were accompanied by valid certifications and permits.  To admit evidence that the age of the teeth could have been tested would sanction a red herring.

Thus, the government's motion to limit cross-examination of Bonnie C. Yates to exclude "scientific evidence" regarding the testing of sperm whale teeth for age will be allowed.

## ORDER

In accordance with the foregoing,

1) government's Motion in limine to admit evidence pursuant to Fed. R. Evid. 404(b) (Docket No. 61) is, on the ground of res gestae **DENIED,** but under Fed. R. Evid. 404(b) **ALLOWED;** and

2) government's Motion in limine to limit cross-examination of Bonnie C. Yates (Docket No. 85) is **ALLOWED.**

**So ordered.**

                                                   /s/ Nathaniel M. Gorton
                                                   Nathaniel M. Gorton
                                                   United States District Judge

Dated November 5, 2010