## United States District Court
## District of Massachusetts

```
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            v.                      )
                                    )   Criminal No.
DAVID L. PLACE,                     )   09-10152-NMG
                                    )
            Defendant.              )
                                    )
```

### MEMORANDUM & ORDER

GORTON, J.

In May, 2013, defendant David Place filed a motion to vacate his sentence under 28 U.S.C. § 2255, arguing, inter alia, that he received ineffective assistance of counsel at trial and on his direct appeal. Finding that Mr. Place had, by virtue of his motion, waived his attorney-client privilege with respect to information relevant to his claims of ineffective assistance and, upon the request of the government, the Court advised all three former defense counsel that they should submit to an interview with the government or file affidavits relating to the specific issues raised in Mr. Place's petition. See Docket No. 182. The government has now moved for an evidentiary hearing and informs the Court that former defense counsel for Mr. Place have refused to be interviewed or to submit affidavits until subpoenaed or otherwise ordered to comply.

The Court finds that, absent such cooperation, the

-1-

government will be unable to respond to the alleged ineffective assistance set forth within defendant's petition.  Accordingly, former defense counsel will be directed to communicate with the government as necessary to prove or disprove the claims of ineffective assistance of counsel. See United States v. Goodwyn, 797 F. Supp. 2d 177, 182 (D. Mass. 2011) (citing United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009)); see also United States v. Stone, 824 F. Supp. 2d 176, 186 (D. Me. 2011) (supporting imposition of waiver of attorney client privilege for same).

Upon receipt of the government's memorandum in opposition, the Court will determine whether an evidentiary hearing is necessary to resolve petitioner's claim.

### ORDER

In accordance with the foregoing and consistent with this Court's Order, see Docket No. 182,

1)  all former defense counsel for Mr. Place shall, on or before June 30, 2013, either submit to an interview with government counsel or file an affidavit relating to the specific issues necessary to resolve defendant's claims of ineffective assistance of counsel; and

2)  the government's motion for an evidentiary hearing (Docket No. 185) is **denied, without prejudice.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated May 29, 2013

-2-