United States District Court
District of Massachusetts

|                              |   |                      |
|------------------------------|---|----------------------|
| DAVID L. PLACE,              | ) |                      |
|                              | ) |                      |
| Petitioner,                  | ) |                      |
|                              | ) | Criminal Action No.  |
| v.                           | ) | 09-10152-NMG         |
|                              | ) |                      |
| UNITED STATES OF AMERICA,    | ) |                      |
|                              | ) |                      |
| Respondent.                  | ) |                      |

# MEMORANDUM & ORDER

**GORTON, J.**

This habeas petition arises out of the March, 2011 conviction of petitioner David Place ("Place") for selling sperm whale teeth and narwhal tusks.

## I. Background

In March, 2011, a federal jury in this Court convicted Place of participating in criminal conspiracies to violate the Lacey and Endangered Species Acts in violation of 18 U.S.C. § 371, engaging in the illegal trade of sperm whale teeth in violation of the Lacey Act, 16 U.S.C. §§ 3372-3373 and smuggling sperm whale teeth and narwhal tusks into the United States in violation of 18 U.S.C. § 545. He was sentenced to 33 months in prison followed by a 24-month term of supervised release. Place's conviction was affirmed on appeal in August, 2012.

In May, 2013, Place moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Place claims that (1) he was deprived of his right to effective assistance of counsel both at trial and on appeal, (2) he was the victim of prosecutorial misconduct and (3) the trial judge was vindictive and should recuse himself from the instant proceedings.

Shortly thereafter, the Court found that Place had waived his attorney-client privilege and advised his former defense counsel that they should submit to an interview with the government or file affidavits addressing the issues Place raised in his petition. Place's counsel refused to provide the information until ordered to do so. The Court acknowledged that the government would be unable to respond to Place's claims of ineffective assistance without information from his defense counsel and ordered them to comply.

## II. Analysis

### A. Standard

Section 2255 enables a prisoner in custody to move the court that imposed his sentence to vacate, set aside or correct the sentence if it was 1) imposed in violation of the Constitution or laws of the United States or by a court that lacked jurisdiction, 2) in excess of the maximum authorized by law or 3) otherwise subject to collateral attack. 28 U.S.C. § 2255(a); David v. United States, 134 F.3d 470, 474 (1st Cir.

1998). The petitioner bears the burden of establishing the need for relief in each of those circumstances. David, 134 F.3d at 474. To be entitled to relief under § 2255, the petitioner must present "exceptional circumstances" that make the need for redress "evident." Id. (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

The Rules Governing Section 2255 Proceedings for the United States District Courts set forth a multi-step review process. The reviewing court first conducts a preliminary screening. The court must dismiss the motion at this stage if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4. This standard is similar to the standard governing Rule 12(b)(6) motions to dismiss under the Federal Rules of Civil Procedure. Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990). A § 2255 petition can be summarily dismissed without a hearing

> if the [movant's] allegations...cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Id.

If the court does not dismiss the petition at the preliminary screening stage, it must order the respondent to file an answer, motion or other response as well as additional record material. Rules 4 & 7. The court may then order an

evidentiary hearing if it determines, based on its review of the filings and record, that such a hearing is warranted. Rule 8.

A § 2255 petition is procedurally defaulted and unreviewable on collateral attack when the petitioner has not presented a claim on direct appeal and has not shown either 1) "cause" for failing to do so and "actual prejudice resulting from the error" or 2) "actual innocence." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

**B. Application**

    **i. Waiver**

Place had the opportunity to raise on direct appeal all claims except his claim for ineffective assistance of appellate counsel. The fact that he did not raise such claims then bars him from doing so now. See Bousley, 523 U.S. at 621 (noting that "[h]abeas review...will not be allowed to do service for an appeal"). Place's contention that his failure to raise material issues is excused because of ineffective assistance of counsel on appeal is untenable. Nor has Place persuasively shown "actual prejudice" or "actual innocence." Damon, 732 F.3d at 4. Therefore, Place's claims of ineffective assistance of appellate counsel, prosecutorial misconduct, and judicial vindictiveness are waived.

Even if such claims were not waived, this Court finds that they are without merit. Each argument will now be addressed in turn.

### ii. Substantive claims

#### 1. Ineffective assistance of counsel

Place claims that both his trial and appellate counsel were ineffective in several respects, but neither claim merits collateral relief. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that his counsel's representation 1) "fell below an objective standard of reasonableness" and 2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

This is a difficult test to satisfy. "[J]udicial scrutiny of counsel's performance must be highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 689-90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (noting that petitioner must show, "given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

### a. Ineffective assistance of trial counsel

Place makes three arguments with respect to his claim of ineffective assistance of trial counsel, none of which is availing. First, he claims that the court in United States v. Green, 389 F. Supp. 2d 29, 75-80 (D. Mass. 2005) found that the jury-selection process used in the District of Massachusetts is "tainted" and that his attorneys failed to inform him that he could rely on Green to challenge the method with which the grand jury in his case was impaneled. The Green court made no such finding and, in any event, the reasoning in that case was subsequently called into question by the First Circuit Court of Appeals. See In re United States, 426 F.3d 1 (1st Cir. 2005). It was hardly unreasonable for Place's attorneys to fail to inform him of an argument based on a case that is no longer good law.

Second, Place argues that his trial counsel made a number of material omissions, including failing to offer certain documents into evidence or to notify him that the government had made a misdemeanor plea offer. That argument is untenable. Place's trial attorneys did not offer the documents into evidence because they were, and remain, unsure whether the purported documents actually exist. Similarly, Place's attorneys did not notify him of a pending misdemeanor plea offer because the government never made such an offer. Place presents

-6-

no evidence to support his claims that the documents or the plea agreement exist.

Third, Place argues that it was unreasonable for his trial attorney to fail to call several lay and expert witnesses. That argument is also unavailing. The decision to call a witness is "almost always strategic" and a petitioner is therefore unlikely to overcome the strong presumption that declining to call the witness was "sound trial strategy." Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993) (quoting Strickland, 446 U.S. at 689).

Place has made no credible argument that his attorneys' decision not to call certain witnesses was objectively unreasonable or anything but sound trial strategy. Id. In fact, one of his attorneys stated in an affidavit that she considered calling the expert witness Place identifies in his petition but she

> did not judge that he had any information to offer...that would have been germane to the theory of defense.

Although she tried to speak with the lay witnesses Place mentions, she was ultimately unable to contact them.

Even if Place's attorney had been able to call the lay witnesses at issue, it is unclear from his petition what sort of helpful information they could have provided. Place claims generally that the lay witnesses could have offered information

-7-

that would have been "exculpatory with regard to the government's claims of requisite criminal intent" but provides no further detail.

Nor does Place explain how the testimony of two of the lay witnesses would "ha[ve] a direct effect on arguments for disparity in sentencing and disproportionate sentencing." He implies that because those potential witnesses, other individuals who were prosecuted for their commercial activities involving sperm whale teeth, received brief sentences for conduct that was either directly or indirectly related to his own conduct, he should have also received a lesser sentence. It is well-settled, however, that "the mere existence of a disparity in sentencing between co-defendants in no way necessitates a finding of error," even between "identically situated defendants." United States v. Rivera-Lopez, 736 F.3d 633, 636 (1st Cir. 2013). Here it should be noted as well that at least two of the lay witnesses Place identifies accepted plea agreements and were therefore not "identically situated."

Finally, Place claims the fact that his attorneys filed a proposed jury instruction two days late prejudiced him. He fails to show, however, that, "but for" that error, "there is a reasonable probability that he would have received a different sentence." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland, 466 U.S. 694). In fact, the record

shows that this Court considered the proposed instruction and simply exercised its discretion not to include it. See United States v. Paniagua-Ramos, 251 F.3d 242, 245-46 (1st Cir. 2001) (observing that trial judges have "broad discretion to formulate jury instructions").

### b. Ineffective assistance of appellate counsel

Place's contention that he received ineffective assistance on appeal is also unsubstantiated. He argues that his appellate counsel should have raised a variety of specific arguments and that his failure to do so rendered his representation ineffective. As the Supreme Court observed in Yarborough v. Gentry, however,

> [w]hen counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.

540 U.S. 1, 8 (2003) (citing Strickland, 466 U.S. at 690). Place has not overcome that presumption.

He argues, for example, that his attorney failed to argue that the government's witnesses presented improper opinion testimony, that his sentence was unreasonable and that the trial court did not have jurisdiction over the Superseding Indictment. Place's appellate counsel stated in an affidavit, however, that he considered each of those arguments and determined they were "without merit" or were inconsistent with his understanding of

-9-

the case.  Place has presented no evidence to rebut the
presumption that his attorney made "all significant decisions in
the exercise of reasonable professional judgment," Strickland,
466 U.S. at 690, and raised certain arguments over others for
"tactical reasons." Gentry, 540 U.S. at 8.

### 2. Prosecutorial misconduct

Place asserts that he was the victim of prosecutorial
misconduct but that claim also fails.  To prevail on a
prosecutorial misconduct claim, a petitioner must show that the
prosecutor's alleged misconduct "so infected the trial with
unfairness as to make the resulting conviction a denial of due
process." Magraw v. Roden, 743 F.3d 1, 9 (1st Cir. 2014)
(quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)).  The
court's focus on due process is "narrow," and not the "broad
exercise of supervisory power." Id. (quoting Donnelly v.
DeChristoforo, 416 U.S. 637, 642 (1974)).

Place does not present sufficient evidence to support a
claim of prosecutorial misconduct, much less a showing that the
alleged misconduct resulted in a denial of due process.  He
claims, for example, that the government colluded with his
attorney on a plea offer, concealed exculpatory evidence and
constructively amended the indictment.  As noted above, both
Place's attorneys and government counsel have stated that the
government made no such plea offer.  Place's vague insinuation

of collusion is insufficient to state a claim for relief. Cf. Dziurgot, 897 F.2d at 1225 (noting that petitioner was entitled to an evidentiary hearing because his allegations were not "conclusory, or inherently incredible").

Place's allegation that the government concealed evidence that the items he sold were "antiques" is also untenable. He claims that "concerted and fraudulent efforts were undertaken" to prevent an expert witness from testifying on that issue on his behalf. He provides no information to support such a claim, however, and one of his trial attorneys stated that she did not call that witness because she

> did not judge that he had any information to offer as a witness that would have been germane to the theory of defense,

and not because the government prevented her from doing so.

Place's claim that the Superseding Indictment was a "constructive amendment" is also baseless. A constructive amendment "occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecution or court after the grand jury has last passed upon them." United States v. Fisher, 3 F.3d 456, 462 (1st Cir. 1993) (internal citation omitted). Here, however, the Superseding Indictment was presented to and returned by a grand jury. Place does not claim that the government changed the Superseding Indictment again

-11-

after the grand jury returned it, nor does the record support such a claim.

### 3. Judicial vindictiveness or bias

Place alleges that "there exists evidence of judicial vindictiveness in the record" and that "bias and prejudice" resulted in sentencing errors. Those claims are without merit.

A defendant is presumed to be the victim of judicial vindictiveness when he successfully attacks his first conviction but receives a harsher sentence after a retrial or remand. Hurlburt v. Cunningham, 996 F.2d 1273, 1274 (1st Cir. 1993) (citing North Carolina v. Pearce, 395 U.S. 711, 724-25 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 801-03 (1989)). Because Place's sentence was affirmed on appeal, this is not a situation in which judicial vindictiveness could arise.

Place's claim that the presiding judicial officer was prejudiced or biased is also untenable. The allegation that the Court's refusal to include one of defendant's proffered jury instructions was evidence of bias is ludicrous. Gallarelli v. United States, 260 F.2d 259, 261 (1st Cir. 1958) (citing Ex Parte Am. Steel Barrel Co., 230 U.S. 35, 43 (1913)).

Instead, the petitioner must show that the trial court relied on knowledge acquired outside of the judicial proceedings at issue or "displayed deep-seated and unequivocal antagonism" towards the defendant that would make "fair judgment

-12-

impossible." Liteky v. United States, 510 U.S. 540, 556 (1994). Place has not presented any information to suggest that the Court's decisions were based on outside knowledge or that it displayed any antagonism towards Place.

Nor has he submitted any information to support his claim that the sentence the Court imposed was unreasonable and the result of a judicial "usurpation of authority." Trial courts have "substantial discretion" to impose sentences, United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013), and "within-guidelines" sentences are generally presumed to be reasonable, Peugh v. United States, 133 S. Ct. 2072, 2080 (2013). Here, Place's 33-month sentence was at the low end of the applicable guideline range. Imposing a within-guidelines sentence is hardly a usurpation of authority warranting collateral relief.

### 4. Recusal

Finally, Place argues that the presiding judicial officer should recuse himself from this case based on the previously described allegations of bias. The decision whether to allow or deny a motion for recusal is within the Court's sound discretion. United States v. Giorgi, 840 F.2d 1022, 1034 (1st Cir. 1988). A judge must disqualify himself whenever "his impartiality might reasonably be questioned." 28 U.S.C. § 455.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555.

Here, as explained above, petitioner's accusations of bias are unsupported by the facts and the mere fact of a prior adverse ruling against a party "does not create a reasonable doubt about the judge's impartiality." United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1984). Accordingly, petitioner's request will be denied.

## ORDER

Based upon the foregoing, petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C § 2255 (Docket No. 176) is **DENIED** and the Petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 20, 2014